Filed 8/15/22 P. v. Alarconnunez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO ALARCONNUNEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B311953<br>(Super. Ct. No. 18F-00491)<br>(San Luis Obispo County) |

Alfonso Alarconnunez appeals from the judgment after a jury convicted him of multiple counts of sexual assault, forcible rape, burglary, and other theft crimes. (Pen. Code, §§ 261, subd. (a)(2), (3), 667.61, 220, subds. (a), (b), 288A, subd. (i), 459, 487, subd. (a).)[1] Appellant contends recent legislative changes require reversal and remand for resentencing. The Attorney General agrees. We remand for resentencing consistent with Senate Bill

---

1 All further statutory references are to the Penal Code.

No. 567 and Assembly Bill No. 518. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Because the parties correctly concede this matter must be remanded for resentencing, we provide only an abbreviated summary of the factual basis for appellant's convictions. The evidence at trial established that appellant, posing as an Uber driver gave rides to intoxicated young women. Upon entry into their apartments, he sexually assaulted each victim, took photographs and videos of them, stole valuable items from them and then sent himself large sums of money through their Venmo accounts.

Each victim became heavily intoxicated at a party or bar. Some victims believed they had been drugged. Because they were intoxicated, the victims or their friends arranged for them to return home using an Uber. In nearly all of the cases, appellant acted as their driver, took them to their apartments, escorted them inside and then sexually assaulted them. Appellant took photos and videos of the victims during and after the assaults. While the victims were unconscious, appellant stole their belongings and sent himself money through their Venmo accounts. Afterward, he sent the victims Facebook messages insinuating that they had consented to both the sexual assaults and the Venmo transfers.

Appellant's DNA matched samples obtained from the victims. He was confirmed to be the owner of the Facebook messenger and Venmo accounts associated with the crimes. Police executed a search warrant at appellant's house and recovered the victims' stolen property as well as photographs and videos of them.

*Jury Trial and Sentencing*

Following a jury trial, appellant was convicted of 13 counts that included forcible rape (§ 261, subd. (a)(2); count 6), three counts of assault with intent to commit rape (§ 220, subd. (b); counts 1, 4, 11), two counts of rape by use of drugs (§ 261, subd. (a)(3); counts 2, 7), oral copulation by anesthesia or controlled substance (§ 288A, subd. (i); count 5), assault with intent to commit a felony (§ 220, subd. (a)(1); count 12), four counts of first degree residential burglary (§ 459; counts 13, 3, 8, 10), and grand theft of personal property (§ 487, subd. (a); count 9). The jury also found true the special allegation of residential burglary with intent to commit rape (§ 667.61, subds. (a) & (d)).

The trial court sentenced appellant to 46 years to life plus 8 years, 8 months in state prison, consisting of the full, consecutive upper term of six years (count 12), two years (count 13), eight months (count 9), 25 years to life (count 6), seven years to life (count 1), seven years to life (count 4), and seven years to life (count 11). The trial court imposed, but stayed, the upper term for counts 2, 3, 5, 7, 8, and 10, pursuant to section 654.

In selecting the upper term sentences, the trial court invoked all of the aggravating factors set forth in the probation report. The trial court explained that the victims in this case were "particularly vulnerable" in their intoxicated state, and appellant "took advantage" of his "position of trust" as an Uber driver. He "target[ed] young women who could not take care of themselves." The trial court declined to add a mitigating factor that appellant took responsibility at an early stage because he continued to minimize his conduct and discredit the victims.

3

## DISCUSSION

*Senate Bill No. 567*

Appellant contends his upper term sentences should be vacated and remanded for resentencing in light of the recent amendments to section 1170, pursuant to Senate Bill No. 567.

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) (S.B. 567) amended section 1170 such that the middle term is now the presumptive term of imprisonment. (Stats. 2021, ch. 731, § 1.3.) Under the newly amended law, the trial court *must* "order imposition of a sentence not to exceed the middle term" unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subds. (b)(1), (2).)

Here, appellant did not stipulate to the aggravated factors, nor did the jury find those factors true beyond a reasonable doubt. As the Attorney General correctly concedes, amended section 1170, subdivision (b) applies retroactively to appellant because his case is not final on appeal. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) Accordingly, remand for resentencing is required in this case.

*Assembly Bill No. 518*

Appellant next contends the recent amendment to section 654 also requires reversal for resentencing. Assembly Bill No. 518 (2021-2022 Reg. Sess.) (A.B. 518) amended section 654, effective January 1, 2022, to provide that "[a]n act or omission that is punishable in different ways by different provisions of law

4

may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1.) Prior to the amendment, the sentencing court was required to impose the sentence that "provide[d] for the longest potential term of imprisonment . . . ." (§ 654, former subd. (a).) The parties agree that under the principles of *Estrada*, A.B. 518 applies retroactively to appellant's nonfinal conviction. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673-674; *Estrada*, *supra*, 63 Cal.2d 740, 745.)

Although we agree remand is required, we take no position on how the trial court should exercise its discretion when it resentences appellant.

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for a full resentencing pursuant to section 1170, subdivision (b) and section 654, consistent with S.B. 567 and A.B. 518. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5

Craig B. van Rooyen, Judge
Superior Court County of San Luis Obispo

_____

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.